**SO ORDERED.**

**SIGNED this 12 day of February, 2010.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION**

IN RE:

TAAF, LLC,                                          **CHAPTER 11
                                                     CASE NO. 10-00171-8-RDD**

      DEBTOR

**MEMORANDUM OPINION SUPPORTING
ORDER APPOINTING CHAPTER 11 TRUSTEE**

Pending before the Court is the Emergency Motion for Appointment of a Chapter 11 Trustee filed by Branch Banking and Trust Company ("BB&T") on January 20, 2010 (the "Motion"), the Response of the United States Bankruptcy Administrator to the Motion of Branch Banking and Trust Company to Appoint a Chapter 11 Trustee filed by the Bankruptcy Administrator on January 25, 2010 (the "Response"), and the Debtor's Response to BB&T's Emergency Motion for Appointment of a Chapter 11 Trustee filed by TAAF, LLC (the "Debtor") on January 25, 2010 (the "Objection"). The Court conducted a hearing to consider the Motion, the Bankruptcy Administrator's Response, and the Objection on February 4, 2010 and February 5, 2010.

The Debtor leases and manages both commercial and residential rental properties. BB&T asserts that it is a secured creditor of the Debtor and any rental income generated from the Debtor's operations constitute cash collateral of BB&T.[1]

Pursuant to the Motion, BB&T requests that the Court appoint a Chapter 11 Trustee under 11 U.S.C. § 1104 based on incompetence and mismanagement of the Debtor's affairs by Todd A. Fulcher, its manager. BB&T raised concerns regarding possible prescription drug abuse and allegations regarding a recent criminal conviction of Todd A. Fulcher. Furthermore, BB&T argues that to allow to Todd A. Fulcher to continue managing the Debtor would result in immediate harm to its cash collateral.

The Bankruptcy Administrator filed its response in support of the Motion stating that the Debtor is not in compliance with Fed. Bankr. R. Pro. 4002 and E.D.N.C. LBR 4002-1.[2] Furthermore, the Bankruptcy Administrator believes that Fulcher Tire and Auto Sales, Inc,[3] a closely related business operated by Mr. Fulcher, is no longer conducting business.

---

[1] Also present at the hearing were counsel representing Sound Banking Company ("Sound Bank") and Cox Group of Greenville, Inc. ("Cox"). Neither Sound Bank nor Cox filed responses to the Motion, however, both creditors assert secured liens against certain real property of the Debtor. Sound Bank filed a Motion for Relief from Automatic Stay in connection with its secured claims which has been continued by this Court pending investigation by the Chapter 11 Trustee appointed herein. Cox has filed a Motion for Relief from the Automatic Stay in connection with its claims but the deadline for interested parties to file a response has not passed.

[2] The Bankruptcy Administrator filed a motion for the debtor to appear and show cause regarding the Debtor's failure to comply with the E.D.N.C. LBR 4002-1.

[3] Fulcher Tire and Auto Sales, Inc. filed a petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code on January 11, 2010 and docketed as case no. 10-00172-8-RDD.

The Debtor objects to the appointment of a Chapter 11 Trustee. In its Objection, the Debtor argues that appointment of a trustee is not in the best interest of the estate and that many of the allegations of BB&T will not be substantiated.

In support of its Motion, BB&T offered testimony from Todd A. Fulcher, manager of the Debtor[4] and Anita Fulcher, the estranged wife of the Debtor. The Debtor presented testimony from Alexander Harding, a colleague of Mr. Fulcher and former employee of the Greenville location of Fulcher Tire Sales & Service, Inc., and Mark Rabon, on behalf of BB&T.

Section 1104(a) provides in relevant part that this Court **shall** order an appointment of a trustee for "(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case." *emphasis added.*

Even though appointment of a Chapter 11 Trustee is an extraordinary remedy, under Section 1104(a)(1), if cause is found, appointment of a Chapter 11 Trustee is mandatory. *In re Plaza De*

---

[4] On February 4, 2010, Mr. Fulcher testified for approximately 3.5 hours. BB&T, Sound Bank, Cox, and the Bankruptcy Administrator completed their exams of Mr. Fulcher. The hearing was continued on February 4, 2010 based on the late hour. Counsel for the Debtor intended to cross exam Mr. Fulcher upon return to court at 9:30 a.m. on February 5, 2010.

On February 5, 2010, Mr. Fulcher failed to appear at the continued hearing. Counsel for the Debtor informed the Court that he attempted to contact Mr. Fulcher between 6:30 a.m. and 8:30 a.m. Counsel stated that he received a telephone call from a female friend of Mr. Fulcher informing counsel that Mr. Fulcher was very sick with a fever and had no voice. Counsel stated that the female informed him that she and Mr. Fulcher visited a doctor, who lives next door to Mr. Fulcher, and that the doctor told them that Mr. Fulcher was sick and should seek medical treatment.

Counsel made a motion on the record and requested a continuance due to the onset of Mr. Fulcher's illness. The Court denied the continuance based its concerns as set forth in this order.

*Retiro, Inc.,* 417 B.R. 632, 640 (Bankr. D.N.M. 2009). Courts have the discretionary authority to determine if cause exists. *Comm. Of Dalkon Shield Claimants v. A.H. Robins Co., Inc.,* 828 F.2d 239, 242 (4th Cir. 1987). Grounds such as fraud, dishonesty, incompetence, gross mismanagement, or other similar actions can establish cause. *See In re Daily,* 2009 Bankr. LEXIS 3337 (Bankr. M.D. Tenn. October 19, 2009). Courts have considered the "materiality of misconduct, evenhandedness or lack thereof in dealings with insiders and affiliated entities in relation to other creditors, the existence of pre-petition voidable preferences or fraudulent conveyances...conflicts of interest on the part of the debtor-in-possession interfering with its ability to fulfill fiduciary duties, and self-dealing or squandering of estate assets" to determine if cause exists. *Id.* at * 7 *(*citing *In re Nartron Corp.,* 330 BR 573, 592 (Bankr. W.D. Mich. 2005)). A court may consider both the pre-petition and post-petition misconduct of the management when determining if cause exists for the appointment of a chapter 11 Trustee. *In re Daily,* 2009 Bankr. LEXIS 3337 * 7 *(*citing *In re The 1031 Tax Group, LLC,* 374 B.R. 78, 86 (Bankr. S.D.N.Y. 2007)).

First, the Court finds that the Mr. Fulcher has commingled, and continues to commingle, monies from the Debtor; Fulcher Tire and Auto Sales, Inc. ("Fulcher Tire"); Todd Fulcher, LLC ("Fulcher LLC")[5]; and his personal funds. There was testimony that Mr. Fulcher originally operated both his real estate business and tire business under the same corporation but that on the advice of his accountant, he formed the Debtor. Even though he set up separate checking accounts, Mr.

---

[5] Fulcher Tire and Fulcher LLC have also filed petitions for relief under Chapter 11 of the Bankruptcy Code in the Eastern District of North Carolina and similar motions are pending in both cases. Since these entities are inter-related and the operations appear to be intertwined, the Court considered the motions and responses related to all three entities at the hearing.

Fulcher stated that he has used the Fulcher Tire's checking account to deposit and withdraw funds, including rent payments received from the Debtor's tenants.

Furthermore, the Court has concerns regarding two payments made to Kelly Cox within several months prior to the filing of the petition of Fulcher Tire. When questioned by counsel for BB&T, Mr. Fulcher was unable to explain why two checks were made payable to Kelly Cox, one in the amount of $6,800.00 and one in the amount of $3,800.00 prior to the petition date. The $10,600.00 paid to Ms. Cox left the account with no further funds during that particular month. Ms. Cox was not an employee of Fulcher Tire, Fulcher LLC or the Debtor. Counsel for the Debtor stated that he intended to present evidence as to the why those checks were payable to Ms. Cox but since his client was sick and not present in court on February 5, 2010, he was unable to do so. However, the Court points out that Mr. Fulcher had the opportunity to explain the purpose of these checks when examined by counsel for BB&T and failed to do so.

In addition to the commingling of funds and the significant transfers to Ms. Cox, the Debtor has failed to comply with any of E.D.N.C. LBR 4002-1 requirements, including failing to timely open debtor-in-possession accounts and failing to provide proof of insurance. This case was filed on January 11, 2010. Although the City of New Bern allegedly turned off the electricity at the Fulcher Tire location in New Bern on January 13, 2010, the lack of electricity would not prevent the Debtor from setting up new debtor-in-possession bank accounts. The Debtor testified that he opened new accounts on his way to court on February 4, 2010 but was unable to offer any justifiable reason why those accounts were not opened sooner.

With respect to the proof of insurance, Mr. Fulcher's testimony was confusing and contradictory. Mr. Fulcher testified that he believed some of the properties were insured and that

5

he had met with a State Farm Agent who was obtaining coverage for those that were not. The Court permitted counsel to contact the State Farm agent and have the insurance verification faxed to chambers during the hearing on February 4, 2010. No faxes were received. Counsel for the Debtor stated at the outset of the hearing on February 5, 2010 that he had not heard from his client regarding the insurance coverage and did not have verification of coverage in his possession. Mr. Fulcher stated that some of the properties were at one time covered through a different broker but was unable to testify as to whether he sought insurance through State Farm for all of the properties or some of them.

Mr. Fulcher solely manages and operates the Debtor. When questioned about his tenants, Mr. Fulcher was unaware of many of their last names, the amount of rent that is due for each property, the lease terms for his tenants, and the number of tenants, if any, in default for failure to pay rent. In fact, Mr. Fulcher was unsure how many rental properties that TAAF, LLC currently owned.

Mr. Fulcher testified that he regularly collected the rents from his tenants and that he handled the maintenance on the rental properties. He stated that on many occasions he would use the cash received from the tenants to purchase materials for maintenance on other properties. Many of his tenants pay in cash. In fact, Mr. Fulcher stated that prior to arriving at the hearing, he had received cash from one of his tenants but he was unsure how much cash he received. Mr. Fulcher often commingled the monies received from his tenants with the monies from Fulcher Tire.[6]

---

[6]Testimony was provided by Mrs. Fulcher that TAAF, LLC was formed at the recommendation of the Fulcher's accountant. Prior to forming a limited liability company for its real property, Mr. Fulcher operated Fulcher Tire and its rental business as one business. In addition, Mrs. Fulcher testified that her estranged husband set up a separate entity, Fulcher, LLC, to own and manage the commercial properties while Fulcher Tire operated the stores.

However, even with this commingling, the bank statements reflect very little business activity for Fulcher Tire during October through December 2008. The Court questions why the monies paid by the residential tenants was not consistently deposited into those accounts. The Debtor offered no documentation as to its expenses during that time period and was unable to verify how much rental income it should generate over the period of one month. Furthermore, the Debtor was unable to provide any information as to whether or not it received any security deposits and whether those amounts, if any, were being held in escrow as required by North Carolina law.

The Court has grave concerns as to why Mr. Fulcher was unaware of how many rental properties were in fact being leased. With respect to 915 Pollock Street in New Bern, North Carolina, Mr. Fulcher stated he recently rented the property. Counsel for Sound Bank questioned Mr. Fulcher regarding the habitability of 915 Pollock Street. Counsel inquired as to Mr. Fulcher's knowledge regarding a 2008 declaration the Building Inspector of the City of New Bern that 915 Pollock Street was unfit for human habitation. When questioned about the 2008 proceeding, Mr. Fulcher stated that he had no knowledge of the unfit for human habitation findings and that he recently met with a building inspector who did not express any concerns about the condition of the property. Mr. Fulcher testified he had recently made significant repairs to the property and had a new tenant, which Sound Bank disputed.

With respect to Fulcher Tire, the Court is perplexed as to the lack of knowledge Mr. Fulcher had concerning an insurance claim in connection with a fire that occurred in Greenville, North Carolina in August 2009. Mr. Fulcher stated that he believed some funds were paid to the secured creditor but that the insurance company initially asked that he pay for the repairs and it would then reimburse him. He stated that he did not have the cash flow to support the repairs. He was unable

to provide the Court with a clear answer as to whether or not a claim for damage caused by the fire had in fact been submitted.

Based on the foregoing findings of fact, the Court concludes that cause exists under 11 U.S.C. § 1104(a)(1). The facts support a finding of incompetence and gross mismanagement by the Debtor and Mr. Fulcher, which therefore requires the appointment of a Chapter 11 Trustee.

In addition to grounds under 11 U.S.C. § 1104(a)(1), the Court finds it appropriate to appoint a chapter 11 trustee pursuant to subparagraph (a)(2) of Section 1104. Section 1104(a)(2) provides that a court shall appoint a trustee, "(2) if such appointment is in the interest of creditors...other interests of the estate, without regard to....the amount of assets or liabilities of the debtor."

Anita Fulcher, Todd Fulcher's estranged wife, testified at the hearing that she is a joint obligor on the notes with BB&T. Mrs. Fulcher testified that she also signed a number of guaranties of obligations owing by the Debtor. She stated that although her estranged husband had always been diligent in timely paying his bills, she saw a change in the fall 2008. By late summer 2009, Ms. Fulcher stated she began receiving delinquency and default notices in connection with their joint obligations. She stated she regularly drove by Fulcher Tire and noticed that the store was rarely open for business.[7]

During the initial status conference held at the outset of this hearing, counsel for the Debtor stated that there was a significant amount of property that may be unencumbered. Since the Debtor

---

[7]Mr. Fulcher testified that he had cut his staff to the bare minimum and that he would prefer to close the store than to have someone incompetent operate the salesroom or answer telephone calls. Mr. Fulcher stated that he was regularly on the road trying to obtain new contracts.

has failed to file its schedules, almost 30 days after the filing of its petition, the Court is left to speculate as to which properties are unencumbered and the extent to which liens exist on others.

Ms. Fulcher, as a potential claimant to an equitable distribution claim and a joint obligor and/or guarantor on many of the debts, as well as the secured creditors, are entitled to have their interests protected. Therefore, a Chapter 11 Trustee must be appointed.

With the questions that have been raised regarding the propriety of the collection of rents, the use of cash collateral, transfers made by Mr. Fulcher, the inability of the Debtor to provide proof of insurance, and the competence of Mr. Fulcher's continuing operation of the Debtor, appointment of a Chapter 11 trustee is appropriate.

Therefore, the Court having reviewed the pleadings, the other filings in this case, and the testimony presented, for good cause shown, hereby appoints John Bircher, Esquire, of New Bern, North Carolina, as Chapter 11 Trustee pursuant to 11 U.S.C. § 1104. Furthermore, Mr. Bircher shall exercise all the powers and duties of a trustee as provided in 11 U.S.C. § 1106(a).

The Debtor, Todd A. Fulcher, and any employees of the Debtor shall fully cooperate with the Chapter 11 Trustee, including but not limited to, timely providing relevant documents, corporate books and records, bank statements, insurance binders, or any other information as requested by the Chapter 11 Trustee.

**SO ORDERED**.

**END OF DOCUMENT**