**SO ORDERED.**

**SIGNED this 19 day of February, 2010.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

IN RE:

TAAF, LLC,
FULCHER TIRE SALES & SERVICE, INC.,
TODD FULCHER, LLC,

    DEBTORS

CHAPTER 11
CASE NOS.  10-00171-8-RDD
                  10-00172-8-RDD
                  10-00174-8-RDD

### ORDER FOR APPREHENSION OF PERSONAL REPRESENTATIVE OF DEBTORS TO COMPEL ATTENDANCE FOR EXAMINATION UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2005

On February 17, 2010, the Chapter 11 Trustee in the above-referenced cases, the Bankruptcy Administrator, and Robert Lewis, counsel for the debtors, appeared before the Court in Greenville, North Carolina. John C. Bircher III, the appointed Chapter 11 Trustee, made an emergency oral motion to compel attendance of Todd A. Fulcher, the corporate officer and/or member-manager of the above-captioned debtors, at a meeting of creditors as required by 11 U.S.C. § 341 and requested, pursuant to FED. R. BANKR. P. 2005, that the Court enter an Order for the apprehension and removal of the debtor to compel his attendance for examination. The Court conducted an emergency hearing on the oral motion at the request of the Chapter 11 Trustee at 12:15 p.m. on February 17, 2010 in Greenville, North Carolina.

Pursuant to FED. R. BANKR. P. 2005(a), a party in interest may move for an order to be issued by the Court to the marshal, or some other officer authorized by law, "directing the officer to bring the debtor before the court without unnecessary delay." Such motion, to be supported by an affidavit, shall allege "that the examination of the debtor is necessary for the proper administration of the estate and that there is reasonable cause to believe that the debtor is about to leave[,] or has left[,] the debtor's residence or principal place of business to avoid examination," or that the debtor has willfully disobeyed an order to attend for examination, when duly served. FED. R. BANKR. P. 2005(a)(1) and (a)(3). Furthermore, "[i]f, after a hearing, the court finds the allegations to be true, the court shall thereupon cause the debtor to be examined forthwith. If necessary, the court shall fix conditions for further examination and for the debtor's obedience to all orders made in reference thereto." FED. R. BANKR. P. 2005(a).

Based on the evidence presented and the arguments of counsel, the Court makes the following findings of fact with respect to the emergency motion to compel the attendance of Todd A. Fulcher to appear for examination.

1. Todd A. Fulcher signed the voluntary chapter 11 petition for relief filed on January 10, 2010 as a member-manager[1] of TAAF, LLC, captioned as case no. 10-00171-8-RDD.[2]

---

[1] The pleadings filed by the debtor do not reflect any other members of the debtor.

[2] Furthermore, the Statement of Financial Affairs fails to list any income from the operation of the business during the past two years. This statement is inconsistent with the testimony provided by Mr. Fulcher at the hearings before this Court on February 4, 2010.

2. Todd A. Fulcher signed the voluntary chapter 11 petition for relief filed on January 11, 2010 as the president[3] of Fulcher Tire Sales & Service, Inc., captioned as case no. 10-00172-8-RDD.[4]

3. Todd A. Fulcher signed the voluntary chapter 11 petition for relief filed on January 11, 2010 as the member-manager[5] of Todd Fulcher, LLC, captioned as case no. 10-00174-8-RDD.[6]

4. Todd A. Fulcher testified on behalf of the above-captioned debtors in the consolidated hearings held before this Court on February 4, 2010.

5. Todd A. Fulcher failed to appear at the continued hearings scheduled on February 5, 2010. Counsel for the debtors appeared at those hearings and informed the Court that he received a call from a female friend of Mr. Fulcher informing counsel that Mr. Fulcher was "sick."

6. The Meetings of Creditors were duly scheduled on February 17, 2010 at 10:00 a.m. in Wilson, North Carolina, and notice was properly provided to the debtors by this Court.

7. Robert Lewis, counsel for the debtors, appeared at the scheduled Meetings of Creditors, but the Chapter 11 Trustee reported that Todd A. Fulcher, as a representative of the debtors, failed

---

[3] The Statement of Financial Affairs filed by the debtor fails to list any other officers or directors of the corporation.

[4] The Statement of Financial Affairs fails to list any income from the operation of the business during the past two years. Similar to the TAAF, LLC Statement of Financial Affairs, this statement is inconsistent with the testimony provided by Mr. Fulcher at the hearings before this Court on February 4, 2010.

[5] The pleadings filed by the debtor do not reflect any other members of the debtor.

[6] The Statement of Financial Affairs fails to list any income from the operation of the business during the past two years. Testimony was provided that this entity owned the real property leased to Fulcher Tire Sales & Service, Inc. Schedule B reflects that there is no outstanding accounts receivable due from Fulcher Tire Sales & Service, Inc., yet Schedule G provides there is a 20 year lease between the parties. The Statement in the Financial Affairs appears to be inconsistent with the Schedules.

to appear, despite being ordered to do so and despite having proper notice of said Meetings of Creditors.

8. At the hearing in Greenville, North Carolina, Mr. Lewis represented that Mr. Fulcher was advised and informed that his presence was required at the Meetings of Creditors.

9. The Chapter 11 Trustee informed the Court that Todd A. Fulcher was not present at his residence or Fulcher Tire Sales & Service, Inc. at various times in the last two weeks when the Chapter 11 Trustee attempted to inspect the premises.

10. At approximately 12:15 p.m. on February 17, 2010, the emergency oral motion to compel the attendance of Todd A. Fulcher, as a representative of the debtors, was held in the United States District Court, Greenville, North Carolina.

11. The Court instructed Mr. Lewis that if Todd A. Fulcher failed to appear before the Court on the scheduled matters being heard at 1:30 p.m. on that same day, the Court would issue an order compelling Todd A. Fulcher's appearance, as a representative of the debtors, pursuant to FED. R. BANKR. P. 2005.

12. The scheduled matters in the above referenced cases were called at approximately 1:30 p.m. on February 17, 2010 by the Court, and Mr. Fulcher failed to appear.

13. Based on the pleadings filed in this case, the testimony presented at the previous hearings conducted by this Court, and the representations of counsel that Todd A. Fulcher was, in fact, aware of the scheduled Meetings of Creditors and the hearings, Todd A. Fulcher is the appropriate representative to appear on behalf of the above-referenced debtors.

14. The Court hereby waives the requirement of written affidavits based on the oral representations made by John C. Bircher, III, the Chapter 11 Trustee.

15. Mr. Fulcher's failure to appear at the scheduled 341 meetings and court hearings show his complete indifference to the integrity of the Bankruptcy process and his repeated failures to appear as ordered by this Court warrant apprehension and removal pursuant to FED. R. BANKR. P. 2005.

Therefore, based on the foregoing, it is hereby ORDERED, ADJUDGED, AND DECREED that Todd A. Fulcher be hereby taken into custody by the United States Marshal pursuant to FED. R. BANKR. P. 2005. Furthermore, the United States Marshal is authorized and directed to take all necessary actions, including but not limited to the use of reasonable force for the stated purpose and to arrest and/or evict any and all persons who obstruct, attempt to obstruct, interfere, or attempt to interfere, in any way with the execution of this order.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that upon apprehension of Todd A. Fulcher, and without unnecessary delay, that he be transported to the United States Bankruptcy Court for the Eastern District of North Carolina, located in Wilson, North Carolina and be presented to the undersigned, whereupon a hearing should be commenced to determine if the allegations are true, and if true, the undersigned shall order Todd A. Fulcher, as the member representative of Todd Fulcher, LLC and TAAF, LLC and the corporate officer of Fulcher Tire Sales & Service, Inc., to appear for the meetings of creditors as required by 11 U.S.C. § 341 and for such other and further relief as shall be just and proper pursuant to the requirements of FED. R. BANKR. P. 2005 and the provisions and policies of 18 U.S.C. § 3146(a) and (b).

**SO ORDERED**.

**END OF DOCUMENT**